IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:19-CV-00111-D

**WILLIAM HARRIS** *and*
**PHYLLIS HARRIS**,

      *Plaintiffs,*

  **v.**

**MARY JANE VANDERBURG,
DOUGLAS MATTHEW
GURKINS, REMCO EAST, INC.,**
*and* **MARY GRACE BISHOP,**

      *Defendants.*

**PROTECTIVE ORDER**

1.    **PURPOSE**

Disclosure and discovery activity in this case (this Action) are likely to involve production of private information, including personal employee information, personal tenant information, financial information, and medical or health information. The disclosure of such material may be subject to protection pursuant to Fed. R. Civ. P. 26(c). Accordingly, the Court hereby enters this Protective Order with the consent of the parties. This Order does not confer blanket protections on all disclosures or responses to discovery. Rather, the protection it affords from public disclosure and unauthorized use extends only to the specific limited information or items that are entitled to confidential treatment according to the terms of this Order.

## 2. DESIGNATING CONFIDENTIAL INFORMATION

2.1. **"Confidential Information"** shall mean information (regardless of how it is generated, stored, or maintained) that qualifies for protection under Fed. R . Civ. P. 26(c). Information that may be obtained from a publicly available source is not Confidential Information.

2.2 **Manner and Timing of Designation as "CONFIDENTIAL."** A party to this Action or non-party producing documents or other material in this Action may designate those documents or materials as "CONFIDENTIAL" after first making a good faith determination that good cause exists to believe they qualify for protection under Fed. R . Civ. P. 26(c). A party or non-party may designate a document or other material as confidential under this Order by affixing the legend "CONFIDENTIAL" to each page or item produced that contains or embodies the allegedly protected material.

2.3 **Depositions.** Portions of depositions taken in this Action shall be deemed confidential only if they are designated as such when the deposition is taken or within 14 days after the designating party or non-party's receipt of the transcript. The party or non-party seeking to designate testimony as CONFIDENTIAL shall specify with particularity the testimony to be protected, identified by page and line.

2.4    **Over-Designation Prohibited.**  Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" shall use best efforts to only designate the specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause a specific demonstration of harm. If a party or non-party producing materials learns that information or items that it designated for protection do not qualify for protection, that party or non-party must promptly notify all parties to the Action that it is withdrawing the mistaken designation and, if applicable, re-produce the item without the "CONFIDENTIAL" designation.

## 3.    DISCLOSURE OF CONFIDENTIAL INFORMATION

3.1    Confidential Information shall be disclosed by the parties and their counsel only in accordance with the terms of this Order and shall be used solely for the purposes of this Action and shall not be used by the parties or their counsel for any other purpose.

3.2     Unless otherwise ordered by the Court or permitted in writing by the party or non-party producing the information, a party receiving any material designated "CONFIDENTIAL" may disclose that material only to:

(a)     The Court and its personnel;

(b)     Counsel for the parties to this action, their legal assistants and other staff members and employees, all of whom are bound by this Order;

(c)     The parties and their officers, directors,  employees, agents and insurers, all of whom are expressly bound by this Order;

(d)     Experts or consultants retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, and who have signed the Agreement attached as Exhibit A;

(e)  Court reporters, videographers, jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary;

(f)  Non-party deponents who are shown Confidential Information during the course of a deposition but who shall not be provided with a copy that Confidential Information unless they have signed the Agreement attached as Exhibit A;

(g)  Non-party witnesses who may be shown Confidential Information in preparation for their testimony in deposition or at trial and who have signed the Agreement attached as Exhibit A; and,

(h)  Third-parties who in the ordinary course of their work or activities generated, received or maintained  information designated "CONFIDENTIAL" may receive and review that same information.

## 4.  Filing or Using Confidential Information in Court

4.1  To the extent feasible, any party filing any document that contains Confidential Information shall redact all Confidential Information before filing.

4.2  If the filing party believes that Confidential Information is necessary to adjudicate the matter or redacting the Confidential Information is otherwise not feasible, the filing party must follow the procedures set forth Local Civil Rule 79.2 and Court's *Electronic Case Filing Administrative Policies and Procedures Manual*, § V.G.1.

4.3 Where a party submitting its own material that it has designated "CONFIDENTIAL" intentionally declines to seek an order sealing documents submitted to the Court, the submitted material will no longer qualify for protection and subsequent treatment as containing Confidential Information under this Order.

4.4  Prior to hearings or testimony before the Court in this case, the parties, in the event that it is known reasonably in advance of such hearing or testimony that matters involving Confidential Information will be raised, shall so advise the Court.

**5.      Party Seeking Greater Protection Must Obtain Further Order.**  No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

**6.      Challenging Designation of Confidentiality.**  A designation of confidentiality may be challenged at any time by any party. The right to challenge a confidentiality designation is not waived by electing not to mount a challenge promptly after the original designation is disclosed. If a party wishes to challenge the designation of all or part of a document or material designated as "CONFIDENTIAL," the party shall meet and confer in good faith with the designating party or non-party in an attempt to resolve the dispute.  If the parties are unable to resolve their dispute, then the party challenging the designation shall provide notice of exhaustion of the duty to confer.  Within 21 days of receipt of that notice, the party or non-party seeking confidentiality must file a motion with the Court seeking adjudication of the matter under Fed. R. Civ. P. 26(c) and L.R.

7.1(c). If no motion is filed, then material in dispute is no longer confidential and subject to the provisions of this order. Material in dispute remains Confidential Information and subject to this order until the motion is resolved. The burden of proving that materials designated as "CONFIDENTIAL" are entitled to protection under Fed. R. Civ. P. 26 remains with the party or non-party asserting such confidentiality.

**7.      Inadvertent Disclosure.**  The inadvertent disclosure of Confidential Information shall not be deemed a waiver of any party's claims of confidentiality and protections set forth in this Order. In the case of such inadvertent disclosure, the disclosing party must notify all parties of their intent to designate the inadvertently-disclosed information as Confidential Information to invoke the protections set forth in this Order.

**8.      Modification of this Order.**  Nothing in this Order shall preclude any party from moving the Court for modification of any terms and conditions thereof. Any party may, at any time, move the Court for modification of this Protective Order. Prior to filing a motion for modification, the parties must meet and confer in an attempt to reach a stipulated modification.

**9.      Admissibility.**  Nothing in this Protective Order shall affect the admissibility of any information designated "CONFIDENTIAL" in this action.

**10. Return of Confidential Material at Conclusion of Litigation.** At the conclusion of the litigation, all material designated CONFIDENTIAL under this Order and not received in evidence shall be returned to the originating party within 60 days of the conclusion of the Action, with one exception: Lead counsel for each party may retain one copy of all records produced in this Action, which shall remain subject to the terms of this Order. If the producing party so stipulates, the material may be destroyed instead of being returned.

IT IS SO ORDERED, this 3rd day of January 2020.

KIMBERLY A. SWANK
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## <u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [*print or type full name*], of _____ [*print or type full address*], certify that I have received and read the Protective Order entered in this Action, *Harris, et al. v. Vanderburg, et al.*, Case No. 4:19-CV-00111-D.

I agree to comply with and to be bound by the terms of this Protective Order and I acknowledge that failure to so comply could expose me to sanctions. I promise that I will not disclose any information or item that is subject to this Protective Order except as permitted under the terms of this Order.

I understand that I am to retain all copies of any Confidential Information in a secure manner and in my personal custody until this Action is concluded, whereupon any Confidential Information in my possession shall returned to counsel who provided me with such material.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

Printed name: _____

Signature: _____