IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-111-D

| | | |
|---|---|---|
| WILLIAM HARRIS and PHYLLIS HARRIS, | ) | |
| Plaintiffs, | ) | |
| v. | ) | **ORDER** |
| MARY JANE VANDERBURG, DOUGLAS MATTHEW GURKINS, REMCO EAST, INC., and MARY GRACE BISHOP, | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's motion to compel discovery pursuant to Fed. R. Civ. P. 37 from Defendant Remco East, Inc. ("Remco"). [DE #52]. Defendant has responded in opposition. [DE #58]. These matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) for disposition. For the reasons stated below, Plaintiff's motion to compel is granted in part and denied in part.

## BACKGROUND

Plaintiffs filed their initial complaint on August 9, 2019, and an amended complaint on October 24, 2019. (Compl. [DE #1]; Am. Compl. [DE #33].) Each defendant has answered the amended complaint. (Vanderburg Ans. [DE #39]; Gurkins Ans. [DE #38]; Remco Ans. [DE #37]; Bishop Ans. [DE #36].) Defendant

Remco has not filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs have sued Defendants for violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and various state law claims. (*See generally* Am. Compl.) Below is a brief summary of relevant facts as alleged by Plaintiffs.

In February 2017, Plaintiffs rented one-half of a duplex from Defendant Vanderburg, who had contracted with Defendants Remco and Bishop to manage her rental properties. (Am. Compl. ¶¶ 2, 17, 21; Mem. Supp. Mot. Compel [DE #53] at 1, 5–6.) Plaintiffs allege that Defendant Gurkins, who is the nephew of Defendant Vanderburg and lived in the other half of the duplex mentioned above, racially harassed them throughout their tenancy. (Am. Compl. ¶¶ 2, 4.) Plaintiffs further allege that they complained to Remco employees on multiple occasions about Gurkins' harassment but Remco took no corrective action. (*Id.* ¶ 6, 7, 8, 29, 34.) Instead, Plaintiffs allege, Defendants Vanderburg, Bishop, and Remco retaliated against them by filing a summary ejectment (eviction) action and continued to abstain from taking corrective action against Gurkins' continued harassment. (*Id.* ¶¶ 44, 45, 69.) Plaintiffs also allege that another African-American tenant of a Vanderburg-owned property managed by Remco had previously been subjected to racial harassment by Gurkins and that Bishop and Remco were aware of the harassment prior to the incidents involved in this action. (*Id.* ¶ 64.)

Plaintiffs have moved to compel "complete" answers to Interrogatories 2, 15–17, 22–24, and Requests for Production of Documents ("Requests") 5, 10, 21, 29–32,

34–37. (Mot. Compel at 1.) Requests and interrogatories keyed to each other or addressing similar subject matter will be analyzed together.

## DISCUSSION

Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relevance "has been broadly construed to encompass 'any possibility' that the information sought may be relevant to the claim or defense of any party," and the burden rests on the party resisting discovery to demonstrate that discovery should not be had. *EEOC v. Sheffield Fin., LLC*, No. 1:06-CV-00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007).

Rule 26 requires the court to limit the frequency or extent of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or the discovery sought is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). The rule also authorizes the court to impose appropriate limitations on discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

3

Such protective orders may include, *inter alia*, provisions "forbidding the disclosure or discovery," "prescribing a discovery method other than the one selected by the party seeking discovery," or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (c)(1)(C), (c)(1)(D).

Rule 37 permits a party to move to compel cooperation with discovery requests so long as that party certifies that it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The local rules of this district similarly require that counsel "certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civil Rule 7.1.(c)(2); *see generally Boykin Anchor Co., Inc. v. Wong*, No. 5:10-CV-591-FL, 2011 WL 5599283, at *3 (E.D.N.C. Nov. 17, 2011) (describing discovery motion requirements under federal and local rules).

"The party resisting discovery bears the burden of showing why [the motion to compel] should not be granted." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). "To meet this burden, the non-moving party 'must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law.'" *Johnson v. N.C. Dep't of Justice*, No. 5:16-CV-679-FL, 2018 WL 5831997, at *5 (E.D.N.C. Nov. 7, 2018) (quoting *Mainstreet Collection*, 270 F.R.D. at 241). "[T]he court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns* , No. 5:11-

CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

Preliminarily, the court has reviewed the communications between counsel regarding this discovery dispute (Brancart Decl., Ex. 3 [DE #54-4]) and determines that counsel for the parties made a good faith effort to resolve the dispute before the instant motion was filed. Plaintiffs have, therefore, met the requirements of Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 7.1(c)(2).

## A. Interrogatory 2

Interrogatory 2 requests Defendant Remco to

> list by full name, current address, telephone number and email, each person who worked at Remco – including officers, owners, employees, or agents – at any time since January 1, 2015, listing the person's dates of employment, service or agency, stating the person's job title or description, and specifying the nature of the person's interaction, if any, with any plaintiff, defendant Mary Jane Vanderburg, or defendant Douglas Matthew Gurkins.

(Brancart Decl., Ex. 1 [DE #54-2] at 2.) Defendant Remco objected to this interrogatory because "it is overly broad, unduly burdensome, not reasonably limited in time and scope, seeks information that is not relevant, and vague in its use of 'interaction.'" (*Id.* at 3.) Remco also objected to providing contact information for any of its employees, whom it contends may only be contacted through counsel. (*Id.*) Remco further stated that it provided Plaintiffs with a list of employees it prepared in conjunction with an administrative investigation of the instant matter; it has specified which of its employees may have corresponded with Defendant Vanderburg

5

or Plaintiffs; and to the best of its recollection, no Remco employee had any interaction with Defendant Gurkins. (*Id.*)

In their supporting memorandum, Plaintiffs contend the list provided by Defendant Remco omits critical information, such as employment dates, job titles or descriptions, and communications with Plaintiffs. (Mem. Supp. Mot. Compel at 12.) Plaintiffs contend they need "the missing information to avoid contacting current employees and to identify former employees whose dates of employment and job titles indicate that they were in a position to gain knowledge about Remco's relevant practices." (*Id.*) Plaintiffs do not specify what they mean by the phrase "Remco's relevant practices."

In opposition, Remco contends it has already identified which employees and former employees had contact with Plaintiffs and Defendant Vanderburg and will supplement this information as discovery continues. (Resp. Opp'n Mot. Compel [DE #58] at 9.) Remco also states that it will provide a telephone number for any former employees "who have not participated in the defense of the case" that may be discovered in the future. (*Id.*)

On one hand, what Plaintiffs have requested is not particularly burdensome to produce—a list of current or former employees dating back approximately two years before Plaintiffs rented the duplex from Remco, with basic job descriptions/titles, employment status, and how each person interacted with Plaintiffs, Vanderburg, or Gurkins. Such a list would enable Plaintiffs to avoid contacting current Remco employees (which Remco itself demands) and to presumably identify which

employees, based on their job titles and dates of employment, may have interacted with the listed parties. Such information is relevant under Rule 26(b)(1). On the other hand, Remco has already provided most of this information—it has stated which employees it believes interacted with Plaintiffs, Vanderburg, and Gurkins, and that it will update this information as the case proceeds. Given the modest amount of supplemental information that Plaintiffs are requesting, the minimal burden of producing this information, the limited time frame applicable to the requests, and the information's relevance to the case, the court grants Plaintiff's motion to compel regarding Interrogatory 2. Defendant Remco is hereby ordered to supplement its response to Interrogatory 2.

## B.    Request 5

Request 5 asks Defendant Remco to produce

> any document reflecting or regarding Remco East's operation, management, rental or sale of any dwelling owned or operated by any other defendant, including but not limited to the subject rental premises [Units A and B] located at 559 Huntingridge Road in Greenville, North Carolina.

(Brancart Decl, Ex. 2 at 3 (brackets in original).) Remco objected on the ground that this request seeks documents "protected under attorney/client privilege, . . . prepared in anticipation of litigation, or [that] constitute attorney-work product." (*Id.* at 3–4.) Remco stated that it would produce "relevant documents related to properties owned by Vanderburg and managed by Remco . . . after entry of the agreed Protective Order."[1] (*Id.* at 4.)

---

[1] The protective order was issued on January 3, 2020. (Prot. Order [DE #44].)

In their supporting memorandum, Plaintiffs contend they "need a complete production of records reflecting the relationship between Remco and Vanderburg." (Mem. Supp. Mot. Compel at 11.) In opposition, Defendant Remco has stated it has or will produce all "tenant files" related to Vanderburg-owned properties that it managed, but that it will not produce any financial records relating to Vanderburg-owned properties because "such information is not relevant to any of Plaintiffs' claims and has no bearing on the alleged conduct complained of." (Resp. Opp'n Mot. Compel at 8.)

One of the core issues appears to be the relationship between Vanderburg and Remco and what degree of control those parties exercised over each other and over the other defendants. This is particularly salient because Plaintiffs have brought FHA hostile living environment (Am. Compl. ¶¶ 7–8, 69, 77; Mem. Supp. Mot. Compel at 5) and retaliation (Am. Compl. ¶¶ 7, 43–44, 69, 77; Mem. Supp. Mot. Compel at 4) claims. *See Wetzel v. Glen St. Andrew Living Community, LLC*, 901 F.3d 856, 862–65 (7th Cir. 2018) (discussing control in the context of landlord liability under the FHA); 24 C.F.R. § 100.7(a)(1)(iii) ("The power to take prompt action to correct and end a discriminatory housing practice by a third-party depends upon the extent of the person's control or any other legal responsibility the person may have with respect to the conduct of such third-party."). The precise financial relationship between Remco and Vanderburg is thus relevant pursuant to Rule 26(b)(1). Furthermore, the protective order issued in this case adequately addresses any sensitive financial information that might be disclosed. Accordingly, the court grants Plaintiffs motion

to compel Remco to produce any non-privileged documents responsive to Request 5 as they relate to Defendant Vanderburg.

### C. Request 10

Request 10 asks Defendant Remco to produce

a complete copy of any electronically stored information regarding or reflecting Remco East's rental, management, or operation of any rental dwelling in Pitt County at any time since January 1, 2015, including a complete copy of the contents – data and structure – of any property management database or software package, such [as] Rent Manager or Yardi. [Please produce this data in a machine readable format, either by providing access to the property management program or in a format that may be read using MS Excel or MS Access.]

(Brancart Decl., Ex. 2 at 5 (second brackets in original).) Remco objected on the grounds that this request is overly broad, unduly burdensome, seeks irrelevant information, is not reasonably calculated to the discovery of admissible evidence and constitutes a "fishing expedition," is not proportional to the needs of the case, and does not promote streamlined discovery or a just, speedy, and inexpensive determination of the case. (*Id.* at 6.)

In their supporting memorandum, Plaintiffs state that the temporal, geographic, and subject-matter restrictions in this request "ensure proportionality." (Mem. Supp. Mot. Compel at 8.) In opposition, Remco contends Plaintiffs have not shown how information relating to tenants of properties owned by people other than Vanderburg, or who have no connection with Defendant Gurkins, is relevant. (Resp. Opp'n Mot. Compel at 7.) Remco also notes it is currently preparing responses to Plaintiffs' Requests 11 and 28, which seek information limited by Boolean search terms including persons other than Vanderburg and Gurkins. (*Id.* n.3.)

As Remco notes, it is a property management company in Pitt County, North Carolina. (Resp. Opp'n Mot. Compel at 7.) Thus, the geographic and subject-matter restrictions in Request 10 do not provide much limitation, if any. Moreover, Plaintiffs offer no restrictions as to other tenants or properties they request information about. (*Cf.* Brancart Decl, Ex. 2 at 6–7, 17–18 (Plaintiffs' Requests 11 and 28).) Aside from the temporal restriction, Request 10 demands information about all renters of Remco-managed properties, regardless of whether those persons rented Vanderburg-owned properties. Such a request is extremely broad, especially considering that Plaintiffs have not alleged any unlawful housing practices by Remco aside from those related to Vanderburg and Gurkins. Plaintiffs' request is supported by no evidence or allegations of similar incidents involving non-Vanderburg properties managed by Remco. *See Dawson v. New Life Cmty. Servs., Inc.*, No. 5:13-CV-881, 2013 WL 6512052, at *2 (N.D. Cal. Dec. 12, 2013); *cf. Jones v. Travelers Cas. Ins. Co.*, No. 5:13-CV-239-LHK-PSG, 2014 WL 3593222, at *2 (N.D. Cal. July 18, 2014) (granting a motion to compel because numerous similar incidents had already been identified and distinguishing *Dawson*, 2013 WL 6512052 (N.D. Cal. Dec. 12, 2013)). Moreover, Plaintiffs' Requests 11 and 28 show that Plaintiffs can narrow their requests of Remco. Request 10 appears to be a fishing expedition. *See Rodger v. Elec. Data Sys., Corp.*, 155 F.R.D. 537, 540 (E.D.N.C. 1994) ("A trial court should not permit 'fishing expeditions' conducted by plaintiffs, even in a discrimination case."). However, if Plaintiffs adduce information suggesting Remco engaged in unlawful housing practices similar to those alleged in the instant action, Plaintiffs may be entitled to

disclosure of such information. Accordingly, Plaintiffs' motion to compel as to Request 10 is denied without prejudice.

### D. Interrogatories 15–17 and Requests 29–31

Interrogatory 15 asks Defendant Remco to

list the [a] full name of each party, [b] case number, [c] venue, [d] filing date, and [e] judgment entered for each complaint in summary ejectment filed that fits each of the following parameters:

> A. The complaint was filed at any time since January 1, 2009;
>
> B. The complaint named Remco East, Inc., as the Plaintiff; and,
>
> C. The complaint alleged that the "lease period ended . . . and the defendant (tenant) is holding over after the end of the lease period."

(Brancart Decl., Ex. 1 at 11 (brackets in original).) Request 29 asks that Remco produce "a complete copy of any record . . . regarding the management ownership, occupancy or rental of each dwelling identified as the 'premises' in each complaint for summary ejectment" identified in Interrogatory 15. (Brancart Decl., Ex. 2 at 21 (footnote omitted).)

Interrogatory 16 asks Defendant Remco to

list the [a] full name of each party, [b] case number, [c] venue, [d] filing date, and [e] judgment entered for each complaint in summary ejectment filed that fits each of the following parameters:

> A. The complaint was filed at any time since January 1, 2009;
>
> B. The complaint named Remco East, Inc., as the Plaintiff; and,
>
> C. The complaint alleged that the "defendant (tenant) breached [a] condition of the lease (other than nonpayment of rent)."

(Brancart Decl., Ex. 1 at 12 (brackets in original).) Request 30 asks that Remco produce "a complete copy of any record . . . regarding the management ownership, occupancy or rental of each dwelling identified as the 'premises' in each complaint for summary ejectment" identified in Interrogatory 16. (Brancart Decl., Ex. 2 at 22 (footnote omitted).)

Interrogatory 17 asks Defendant Remco to

list the [a] full name of each party, [b] case number, [c] venue, [d] filing date, and [e] judgment entered for each complaint in summary ejectment filed that fits each of the following parameters:

A. The complaint was filed at any time since January 1, 2009;

B. The complaint named Remco East, Inc., as the Plaintiff; and,

C. The complaint alleged "criminal activity or other activity has occurred in violation of G.S. 42-63."

(Brancart Decl., Ex. 1 at 13 (brackets in original).) Request 31 asks that Remco produce "a complete copy of any record . . . regarding the management ownership, occupancy or rental of each dwelling identified as the 'premises' in each complaint for summary ejectment" identified in Interrogatory 17. (Brancart Decl., Ex. 2 at 23 (footnote omitted).)

Generally, the foregoing interrogatories and requests seek information from Remco related to eviction proceedings it initiated against any tenant from January 1, 2009, to the present on the basis of holding over, breach of lease agreement for reason other than nonpayment of rent, and criminal activity. Remco objected on the grounds that these interrogatories and requests are overly broad, unduly burdensome, not reasonably limited in time and scope, seek irrelevant information, and could be

fulfilled by Plaintiffs review of public court records. (Brancart Decl, Ex. 1 at 11–13, Ex. 2 at 21–23.) Furthermore, Remco objected to providing any information about tenants renting properties not owned by Defendant Vanderburg. (*Id.*)

In their supporting memorandum, Plaintiffs contend the foregoing interrogatories and requests "seek information and records reflecting a very narrow, highly relevant subset of similar evictions filed by Remco for reasons other than nonpayment of rent" and have enlarged the temporal range of the information they seek "[b]ecause of the relative rarity" of the types of evictions about which they seek discovery. (Mem. Supp. Mot. Compel at 9.) Furthermore, Plaintiffs argue, having to search local court records is inefficient, burdensome, and "wholly inadequate" for their purposes because such files "shed no light on . . . the circumstances under which [Remco] exercised its discretion to evict tenants for reasons other than nonpayment of rent." (*Id.* at 9–10.) Although not explicitly articulated, Plaintiffs appear to seek information about all of Remco's evictions predating Plaintiffs' tenancy by more than eight years because Remco tried to evict them for a reason other than nonpayment of rent, namely, for "failure to maintain a peaceful environment so as not to disturb other tenants' peaceful enjoyment of the Premises." (*Id.* at 9 (quoting Mem. Supp. Mot. Compel, Ex. 8 [DE #54-9]).) On Plaintiffs' theory of the case, the reason given for Plaintiffs' attempted eviction was a pretext for discrimination and/or retaliation. Presumably, Plaintiffs seek to uncover other instances of pretextual evictions by Remco.

In opposition, Defendant Remco argues that compliance with these interrogatories and requests is unduly burdensome because it requires reviewing physical tenant files to identify evictions or attempted evictions based on reasons other than nonpayment of rent, something Plaintiffs can do via the public computer terminal in the county clerk's office. (Resp. Opp'n Mot. Compel at 7.) Additionally, Remco states that it will produce "[a]ny evictions in the Vanderburg tenants' files." (*Id.*) Lastly, Remco contends the eviction information sought by Plaintiffs is not relevant because it does not relate to the conduct of Defendant Gurkins. (*Id.*)

Contrary to Plaintiffs' assertions, Interrogatories 15 through 17 and Requests 29 through 31 are not narrowly tailored requests about a "highly relevant subset of similar evictions filed by Remco." Even if evictions based on nonpayment of rent are relatively rare, Plaintiffs' demand to search Remco's files all the way back to 2009 is not reasonably calculated to produce evidence of similar evictions, especially considering that Plaintiffs have not alleged Remco evicted (or tried to evict) a single tenant in retaliation for filing a fair housing complaint or as a pretext for racial harassment. Furthermore, Plaintiffs' complaint about the burden of reviewing local court records is telling for what it does not include. Plaintiffs do not allege that in their twenty-three hours of research at the Pitt County courthouse they identified several summary ejectment actions filed by Remco in the past few years which, after further research and investigation, they believe are evidence of unlawful housing discrimination. (*See* Mem. Supp. Mot. Compel at 9.) Thus, Plaintiffs have provided no reason to believe the discovery they seek will uncover evidence of similar conduct

14

by Remco. Rather, these interrogatories and requests appear to be a fishing expedition by Plaintiffs into Remco's files. *See Rodger*, 155 F.R.D. at 540. Accordingly, Plaintiffs' motion to compel regarding Interrogatories 15 through 17 and Requests 29 through 31 is denied without prejudice.

### E.    Request 21

Request 21 asks Defendant Remco to "produce screen shots showing the current organization of directories and subdirectories on each drive on each server or computer used by Remco's officers, employees or agent in connection with the operation or management of rental dwellings." (Brancart Decl., Ex. 2 at 14.) Remco objected on the grounds that the request was overly broad, unduly burdensome, sought irrelevant information, was not reasonably calculated to lead to discovery of admissible evidence, was a fishing expedition, was not proportional to the needs of the case, and would not promote streamlined discovery. (*Id.*)

In their supporting memorandum, Plaintiffs contend they need this information "to narrowly tailor followup discovery and frame precise deposition questions." (Mem. Supp. Mot. Compel at 12.) Defendant Remco reiterates its objections based on burden and relevance and states that it will produce "information and documentation regarding the Vanderburg properties and anything relating to Matthew Gurkins." (Resp. Opp'n Mot. Compel at 9.)

Plaintiffs' request is extremely broad—it demands access to Remco's entire server-based and hard drive-based file structure, whether it be for a chief executive or a part-time receptionist. This is tantamount to asking that Plaintiffs be allowed

into Remco's file room to take photographs. Moreover, Plaintiffs have made no attempt to tailor this request to explain why they need access to such a broad swatch of information. While the 2015 advisory committee note to Rule 26 states that "[f]raming intelligent requests for electronically stored information . . . may require detailed information about another party's information systems and other information resources," such information is not required in all instances. Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. Plaintiffs have not offered specific reasons why they require what amounts to photographs of Remco's file-keeping system as it applies to all employees, all network servers, and all computer hard drives. Nor have they cited authority for the proposition that, as a matter of course and without a particularized showing, this information should be provided pursuant to Rule 26(b)(1). Accordingly, the court denies the motion to compel as to Request 21.

### F. Interrogatory 22 and Request 32

Interrogatory 22 asks Defendant Remco to provide information regarding "each tenant or landlord that defendant Remco East – acting through its agents, employees, or officers – ever reported to the police for alleged criminal activity at any time since January 1, 2009" (Brancart Decl., Ex. 1 at 15) and Request 32 asks Remco to provide a copy of any reports which are responsive to Interrogatory 22 (Brancart Decl., Ex. 2 at 23). Remco objected on the grounds that the request was overly broad, unduly burdensome because it required review of every tenant file, was not

reasonably limited in time or scope, and sought irrelevant information. (Brancart Decl, Ex. 1 at 15, Ex. 2. at 23–24.)

In their supporting memorandum, Plaintiffs state that "Remco relies heavily on local law enforcement to police its tenants and threatens to evict tenants based on police reports of their misconduct" and cite paragraphs 35–37, 42, and 44 of their amended complaint and the crime-free lease addendum which they signed as part of their lease with Remco. (Mem. Supp. Mot. Compel at 10.) Plaintiffs contend they need the information sought in Interrogatory 22 and Request 32 to determine if Remco's "policy was applied even handedly . . . [and] regardless of race." (*Id.*)

Plaintiffs' interrogatory and request are puzzling because the portions of the amended complaint to which they cite do not contain factual allegations that Defendant Remco tried to evict them based on police reports of their misconduct. Rather, those portions of the amended complaint concern Plaintiffs' communications with law enforcement about Defendant Gurkins.[2] Plaintiffs have included no factual allegations supporting the proposition that Remco relies heavily on law enforcement to threaten to evict tenants, much less that Remco had a concomitant policy that was not applied uniformly. Accordingly, the court determines that Interrogatory 22 and Request 32 seek information that is not relevant and proportional to the needs of the case and therefore denies the motion to compel as to these discovery requests.

---

[2] Paragraph 43 of the amended complaint contains the factual allegation that Plaintiff Phyllis Harris informed Defendant Bishop about a warrant she had sworn out against Defendant Gurkins.

### G.    Interrogatories 23 & 24 and Requests 34, 36, & 37

Interrogatory 23 seeks information regarding each property management agreement that Remco terminated, either before expiration or by notice of refusal to renew, from January 1, 2009, to the present (Brancart Decl., Ex. 1 at 15) and Request 36 seeks any documents responsive to Interrogatory 23 (Brancart Decl., Ex. 2 at 25).

Interrogatory 24 asks Defendant Remco to provide information regarding each property management agreement that any dwelling owner terminated, either before expiration or by notice of refusal to renew, from January 1, 2009, to the present (Brancart Decl., Ex. 1 at 16) and Request 37 asks Remco to provide any documents responsive to Interrogatory 24 (Brancart Decl., Ex. 2 at 25–26).

Request 34 seeks disclosure of "any record reflecting a threat of termination (or non-renewal) or termination (or non-renewal) of any property management agreement by [D]efendant Remco East based on an owner or landlord's request, direction or instruction that Remco engaged in housing discrimination." (Brancart Decl., Ex. 2 at 24.)

Remco objected to Interrogatories 23 & 24 and Requests 36 & 37 on the grounds that these discovery requests were overly broad, unduly burdensome because they would require review of all physical files, not reasonably limited in time and scope, and sought irrelevant information. (Brancart Decl, Ex. 1 at 16, Ex. 2 at 25–26.) As to Request 34, Remco objected for identical reasons but also objected because the request was vague. (Brancart Decl., Ex. 2 at 24.) As to all of the foregoing interrogatories and requests, Remco objected to providing information about any

properties not owned by Defendant Vanderburg. (Brancart Decl, Ex. 1 at 16, Ex. 2 at 24–26.)

In their supporting memorandum, Plaintiffs note that Remco has continued to "manage Vanderburg's rentals in spite of Gurkins's history of racial harassment against black tenants renting dwellings owned by Vanderburg and managed by Remco." (Mem. Supp. Mot. Compel at 10 (citing Am. Compl. ¶¶ 64–66).) Plaintiffs assert that discovery sought through the foregoing requests, which relates to the termination or non-renewal of property agreements between Remco and *all* of the property owners with which it has management agreements, is important to the case. (*Id.* at 10–11.) Plaintiffs further note that they have enlarged the temporal scope of these discovery requests "to obtain sufficient information to determine Remco's practices" because Remco has asserted that termination is rare. (*Id.* at 11.) In opposition, Remco reiterates its reasons for objecting to the foregoing interrogatories and requests. (Resp. Opp'n Mot. Compel at 8.)

Plaintiffs' supporting memorandum does not contain any specific argument regarding Request 34. (Mem. Supp. Mot. Compel at 8–12.) Remco has not addressed Request 34 either. (Resp. Opp'n Mot. Compel at 7–9.) This court's local rules require that a supporting memorandum contain "argument . . . relating to the matter before the court for ruling." Local Civil Rule 7.2(a)(3) (E.D.N.C. Dec. 2019). Furthermore, "it is not the obligation of [a district court] to research and construct the legal arguments available to the parties. To the contrary, perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived."

*McNeil v. District of Columbia*, 233 F. Supp. 3d 150, 157 n.11 (D.D.C. 2017) (quoting *Johnson v. Panetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013)); *see also United States v. Johnson*, 122 F. Supp. 3d 272, 346 (M.D.N.C. 2015) ("The court need not, and will not, devise arguments or scour case law to support a party's legal conclusions."); *Hayes v. Self-Help Credit Union*, No. 1:13-CV-880, 2014 WL 4198412, at *2 (M.D.N.C. Aug. 22, 2014) (citing Fourth Circuit cases about the role of district courts in addressing undeveloped arguments). Accordingly, Plaintiffs' motion to compel as to Request 34 is denied.

Plaintiffs' demand for information regarding every termination or non-renewal of a property management agreement with Remco, regardless of any complaint of housing discrimination, dating back to 2009 does not appear relevant and proportional to the needs of the case. Accordingly, Plaintiffs' motion to compel as to Interrogatories 23 & 24 and Requests 36 & 37 is denied.

## H.    Request 35

Request 35 asks Defendant Remco to "produce any record reflecting training, policy, monitoring or supervision provided by defendant Remco East since January 1, 2009, of its agents, employees, or officers regarding their obligation to comply with fair housing laws, including any termination or discipline of any agent, employee or officer who may have violated fair housing laws." (Brancart Decl., Ex. 2 at 24–25.) Remco objected on the grounds that this request was overbroad, unduly burdensome, sought irrelevant information, and did not promote streamlined discovery or a just, speedy, and inexpensive determination of the action. (*Id.* at 25.) Remco further stated,

without waiving any of the foregoing objections, that it was not aware of any documents responsive to the request. (*Id.*)

Remco's brief fails to respond to the substance of this particular request. (Resp. Opp'n Mot. Compel at 8.) As the matter currently stands, Plaintiffs have named Remco as a defendant in several FHA claims. Remco has not moved to dismiss the claims against it pursuant to Rule 12(b)(6). As Plaintiffs note, the FHA creates hostile environment and retaliation causes of action and the regulations would appear to create the possibility that a landlord is obligated to correct discrimination by third parties. (Mem. Supp. Mot. Compel at 3–5.) Whether and how Remco trained and supervised its employees and agents, and if any such agents or employees were disciplined or terminated for violation of fair housing laws, may be relevant under Rule 26(b)(1). However, requiring disclosure of records dating as far back as 2009 would appear to be disproportionate to the needs of the case. Furthermore, it is not clear why FHA training after the events complained of in this case would be relevant. Accordingly, the court grants the motion to compel as to Request 35 but limits the temporal range to January 1, 2015, to the present for disciplinary records and to January 1, 2015, to January 29, 2018, for FHA training records.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel [DE #52] is GRANTED IN PART and DENIED IN PART as set forth above.

This 11th day of December 2020.

KIMBERLY A. SWANK
United States Magistrate Judge