IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-00111

| | |
|---|---|
| WILLIAM HARRIS and ) <br> PHYLLIS HARRIS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MARY JANE VANDERBURG, ) <br> DOUGLAS MATTHEW ) <br> GURKINS, REMCO EAST, INC., ) <br> and MARY GRACE BISHOP, ) <br> ) <br> Defendants. ) <br> ) | PLAINTIFFS' RESPONSE TO <br> DEFENDANTS REMCO EAST, <br> INC. AND MARY GRACE <br> BISHOP'S LR RULE 56.1 <br> STATEMENT OF MATERIAL <br> FACTS [Doc. 99] |

Pursuant to LR 56.1(a)(2), plaintiffs William Harris and Phyllis Harris submit the following response to the statement of undisputed material facts submitted by defendants Remco East, Inc. and Mary Grace Bishop in support of their motion for summary judgment (Docs. 98, 99).

Defendants' Fact 1: Prior to the time period on or around March 22, 2016, Defendant Mary Jane Vanderburg ("Vanderburg") did not have a relationship with Remco East, Inc. ("Remco") or Mary Grace Bishop ("Bishop"). (Deposition Testimony of David Bradley at pp. 98-99, 106-107, 115-116.).

Response to Defendants' Fact 2: Undisputed.

Defendants' Fact 2: On March 22, 2016, Vanderburg entered into an

exclusive property management agreement with Remco. See Management Agreement along with the multi-parcel addendum listing properties subject to the Agreement. (Ex. 80 to depositions [ECF 99-11]).

   Response to Defendants' Fact 2: Undisputed.

 Defendants' Fact 3: The multi-parcel addendum shows that the Plaintiffs' rental unit, 559-B Huntingridge Road, was added to the list of properties managed by Remco on January 4, 2017, (Ex. 80 to depositions at p. 9).

   Response to Defendants' Fact 3: Undisputed, except that the cited
   date on the multi-parcel addendum is January 24, 2017.

 Defendants' Fact 4: The plaintiffs were the first tenants to occupy this rental unit after it was added to the Remco contract, signing their rental agreement on 2/17/17 and 2/27/17, and moving in on or about 3/1/17. (Exhibit 13 to Depositions.)

   Response to Defendants' Fact 4: Undisputed.

 Defendants' Fact 5: The unit occupied by Co-Defendant Gurkins, 559-A Huntingridge Road, is not listed as a unit under Remco's management. (Ex. 80 to depositions at p. 9).

-2-

Case 4:19-cv-00111-D Document 111 Filed 04/28/21 Page 2 of 14

Response to Defendants' Fact 5: Undisputed that the Exclusive Property Management Agreement (Depo. Exh. 80)[1] does not list unit 559-A as a property managed by Remco pursuant to the terms of that agreement.

Defendants' Fact 6: Unit 559-A was not managed by or under the control of Remco and was not a Remco-managed property at the time that Plaintiffs resided in 559-B. (Ex. 80 to depositions at p. 9 [ECF 99-11], Bishop Deposition at pp. 99-100 [ECF 99-12]).

Response to Defendants' Fact 6: Undisputed that the Exclusive Property Management Agreement (Depo. Exh. 80) does not list 559-A as a property managed by Remco pursuant to that agreement. Disputed that Remco had no connection to unit 559-A.

Disputed that Remco had no ability to stop Gurkins' harassment of the Harrises. See Plaintiffs' Additional Material Facts in Oppositions to Defendants' Motions for Summary Judgment filed herewith

---

[1] All Deposition Exhibits cited by plaintiffs in this Statement are submitted as part of the set of Deposition Exhibits included with Plaintiffs' Appendix to Local Rule 56.1 Statements of Material Facts filed herewith ("Plaintiffs' Appendix"), Volume 2, and may be found therein in order at Exhibit 27.

("Plaintiffs' Additional Material Facts") 197-203 and incorporated herein by reference.

Defendants' Fact 7: Plaintiffs admit that they learned during their tenancy that Remco did not manage Gurkins' unit. (Phyllis Harris Deposition at p. 19).

Response to Defendants' Fact 7: Objection, the fact mischaracterizes the testimony upon which it is based. Undisputed that Phyllis Harris testified that Bishop had told her that Gurkins "was not a tenant of Remco's" and that "they didn't collect his rent and therefore they could not remove him from 559-A." (Deposition of Phyllis Harris attached as Exhibit 8 to Plaintiffs' Appendix ["P.Harris Depo."] 19:15-20:6.) Disputed that Remco had no ability to adequately respond to address Gurkins' harassment of the Harrises. See Plaintiffs' Additional Material Facts 197-203 submitted herewith.

Defendants' Fact 8: Gurkins has never been an employee of Remco. (Gurkins response to Interrogatory 8; Bishop Deposition at pp. 99-100; Bradley Deposition at pp. 25-26).

Response to Fact 8: Undisputed.

Defendants' Fact 9:   After Plaintiffs complained about Gurkins, Bishop advised the Plaintiffs to seek the help of law enforcement since Remco had no control over Gurkins. (Harris Deposition at pp. 49-51).

> Response to Fact 9:   Objection, incomplete, Fed. R. Evid. 106, and the fact as stated by defendants mischaracterizes the evidence cited. Disputed that Bishop "advised the Plaintiffs to seek the help of law enforcement <u>since Remco had no control over Gurkins</u>."  (Emphasis added.)  Undisputed that Mrs. Harris testified that "if we have any problems call the police was what [Bishop] told us that Ms. Vanderburg would say to her," (P.Harris Depo. 50:6-8), that Bishop "[r]epeated from Ms. Vanderburg what she's telling us that Ms. Vanderburg is saying also," (id. 51:9-12), that Bishop told the Harrises "that Ms. Vanderburg said if we have any problems with Matthew Gurkins, call the police," (id. 51:13-21), and that "[i]f we have any problems, call the police.  Now, whether [Bishop] went to Ms. Vanderburg, I don't know," (id. 22-23.)

Defendants' Fact 10:   Remco and Bishop attempted to facilitate an agreement between the Plaintiffs and Vanderburg to vacate their rental early and

pay no penalty, including a full return of their security deposit. (Deposition Exhibits 43, 44, 47, 48; Vanderburg Deposition at p. 94; Bishop Deposition at 165; Harris Deposition at pp. 147-148).

> Response to Fact 10: Disputed. Objection, incomplete, Fed. R. Evid. 106, and mischaracterizes the cited testimony of Phyllis Harris. Mrs. Harris testified that Grace Bishop "did not step up to the plate" with respect to the situation with Gurkins. (P.Harris Depo. 146:21-148:22.) Disputed that negotiating an early rental termination without penalty was a benefit to the Harrises. Since the Harrises were not in breach of the lease and vacated the property due to the landlord's breach of the lease by way of constructive eviction (see Plaintiffs' Additional Material Facts 25-124, 173-182), they were not subject to having to pay for the remaining term of the lease. (See Depo. Exh. 13, p. 5, ¶ 16, tenant terminating lease early remains liable for all obligations under the lease, attached at Exhibit 27 of Plaintiffs' Appendix).

Defendants' Fact 11: A Complaint for Summary Ejectment dated September 26, 2017, was filed against the Plaintiffs for failure to maintain a peaceful environment. (Deposition Exhibit 30)

> Response to Fact 11: Objection, Fed. R. Evid. 1002. The contents of an available written document should be proven by introduction of the document itself. *United States v. Alexander*, 326 F.2d 736, 739 (4th Cir. 1964). Undisputed that Deposition Exhibit 30, the Complaint for Summary Ejectment dated September 26, 2017, states at paragraph 3, that "[t]he defendant breached the condition of the lease described below for which re-entry is specified . . . . Tenant's failure to maintain a peaceful environment so as not to disturb other tenants' peaceful enjoyment of the Premises. (Per their Residential Rental Contract Section 5 item (j)." (See Depo. Exh. 30, attached at Exhibit 27 of Plaintiffs' Appendix.) Disputed that plaintiffs, in fact, failed to maintain a peaceful environment. See Plaintiffs' Additional Material Facts 25-144.

Defendants' Fact 12: The Plaintiffs were not evicted as a result of the summary ejectment filing. (Deposition Exhibit 40).

Response to Fact 12: Objection, incomplete, Fed. R. Evid. 106. Undisputed that plaintiffs were not evicted as a result of the summary ejectment filed by Bishop and Remco on behalf of Vanderburg, but that was not due to any action on the part of Bishop, Remco or Vanderburg. Rather, the Harrises were not evicted pursuant to the summary ejectment filing because they lost the ejectment case. The Pitt County district court entered judgment in favor of the Harrises, finding that Remco had failed to prove its case. (See Depo. Exh. 40, a copy of which is attached as Exh. 27 to Plaintiffs' Appendix, Volume 2.) The court taxed costs to Remco. (Id.)

Defendants' Fact 13: The plaintiffs were allowed to stay in Unit 559B until the end of the their lease term, but they desired to move out, and in fact, elected to move out before the expiration of their lease, and were refunded their security deposit with no financial penalty assessed by Remco for terminating their lease early. (Deposition Exhibits 52, 58).

Response to Fact 13: Objection, mischaracterizes the evidence and incomplete pursuant to Fed. R. Evid. 106. Undisputed that on December 29, 2017 the Harrises gave Remco 30 days written notice

that they intended to vacate, approximately one month before the end of their lease term. (Depo. Exh. 52, a copy of which is attached to Exh. 27 of Plaintiffs' Appendix, Volume 2.) Undisputed that Remco refunded the Harrises' security deposit. (Depo. Exh. 59.) Disputed that the Harrises were "allowed" to stay by any act of Bishop, Remco, or Vanderburg. Rather, they were allowed to stay because the Pitt County district court entered judgment in their favor on defendants' summary ejectment complaint, finding that Remco had failed to prove its case. (Depo. Exh. 40.) Disputed that the Harrises would have "desired" to move out before the expiration of their lease. They did so because of Gurkins' harassment and defendants' failure to stop it. Mrs. Harris testified that if they had not "endured any of the harassment from Mr. Gurkins" that they "would have wanted to stay" and would have "wanted Ms. Vanderburg or Remco to renew [the] lease." (P.Harris Depo. 150:19-151:3.) Disputed that allowing the Harrises to leave with no financial "penalty" was a benefit to them. Since the Harrises were not in breach of the lease and vacated the property due to the landlord's breach of the lease by way of constructive eviction, they were not subject to having to pay for the

remaining term of the lease. (See Depo. Exh. 13, p. 5, ¶ 16, tenant terminating lease early remains liable for all obligations under the lease; Plaintiffs' Additional Material Facts 25-144).

Defendants' Fact 14: After their experience with Mr. Gurkins, the Plaintiffs did not want to continue to reside next door to him after the expiration of their lease. (Harris Deposition at p. 150).

Response to Fact 14: Objection, mischaracterizes the testimony. Mrs. Harris testified that if they had not "endured any of the harassment from Mr. Gurkins" that they "would have wanted to stay" and would have "wanted Ms. Vanderburg or Remco to renew [the] lease." (P.Harris Depo. 150:19-151:3.)

Defendants' Fact 15: No Remco employee ever used racist language or made racist statements to the Plaintiffs. (Harris Deposition at p.53).

Response to Fact 15: Undisputed.

Defendants' Fact 16: Remco learned of complaints coming from Gurkins about the Harrises, including disputes regarding delivery drivers using the wrong driveway, complaints regarding Gurkins pulling a hose across the yard, and

-10-

general complaints regarding yelling back and forth between the Harrises and Gurkins. (Bishop Deposition at 100-101, 215-216, 333, 346).

> Response to Fact 16: Objection, incomplete, Fed. R. Evid. 106, and hearsay, Fed. R. Evid. 801-802. Bishop has no personal knowledge of any of the circumstances at the duplex because she never interviewed or investigated the situation. (Deposition of Mary Grace Bishop ["Bishop Depo."] a copy of which is attached as Exh. 2 to Plaintiffs' Appendix, 270:10-271:4.) Bishop's sole source of knowledge regarding Gurkins' alleged complaints was from Vanderburg and those statements may not be considered for their truth. The complaint regarding the delivery incident post-dates defendants' attempt to evict the Harrises. (Depo. Exh. 99 [police report re incident on 10/17/2017].) The hose incident occurred on September 24, 2017, and resulted in Vanderburg's direction to Remco to file the summary ejectment complaint. (See Depo. Exh. 22, 64; Bishop Depo. 215:10-216:5.) But the Harrises had been told by Bishop that Vanderburg had instructed them to call the police if they had problems with Gurkins. (P.Harris Depo. 50:6-51:23.) Moreover, Bishop thought that what Gurkins did was "wrong" and may have

told Vanderburg as much. (Bishop Depo. 174:3-6.) Bishop believed "every word" that the Harrises told her. (Bishop Depo. 271:1-4). Bishop thought that the Harrises were "not unreasonable" to complain, and that they should have done nothing differently, and that they had complied with all their obligations as tenants. (Bishop Dep. 264:9-21, 315:8-15, 353:8-24.)

Defendants' Fact 17: The Plaintiffs never provided any criminal complaints or other law enforcement documentation related to Gurkins to Remco. (Phyllis Harris Deposition at pp. 48-50).

> Response to Fact 16: Objection, incomplete. Fed. R. Evid. 106. Undisputed that plaintiffs did not provide any criminal complaints or law enforcement documents related to Gurkins to Remco, but Phyllis Harris also testified that Remco did not ask her "to provide any incident reports or criminal complaints or warrants or anything that related to Matthew Gurkins," (P.Harris Depo. 49:2-4), and that Remco "did not ask us to provide any paperwork," (Id. 50:14-18.)

//

//

-12-

Dated: April 28, 2021.

Respectfully submitted,

| | |
|---|---|
| BRANCART & BRANCART<br><br>*/s/ Christopher Brancart*<br>Christopher Brancart<br>Brancart & Brancart<br>P.O. Box 686<br>Pescadero, CA 94060<br>Tel: (650) 879-0141<br>Fax: (650) 879-1103<br>cbrancart@brancart.com<br>CA Bar 128475<br>[By Special Appearance]<br><br>LEGAL AID OF NORTH CAROLINA<br><br>  Luis Juan Pinto<br>Legal Aid of North Carolina<br>P.O. Box 7283<br>Greenville, NC 27835<br>Tel: (252) 347-0135<br>luisp@legalaidnc.org<br>NC Bar 53823 | LEGAL AID OF NORTH CAROLINA<br>  Kelly Anne Clarke<br>Legal Aid of North Carolina<br>2101 Angier Avenue, Suite 300<br>Durham, NC 27703<br>Tel: (919) 865-3825<br>Fax: (919) 861-1887<br>kellyc@legalaidnc.org<br>NC Bar 28188<br><br>LEGAL AID OF NORTH CAROLINA<br>  Ayanda Dowtin Meachem<br>Legal Aid of North Carolina<br>P.O. Box 564<br>Ahoskie, NC 27910<br>Tel: (252) 332-5124<br>Fax: (252) 332-3317<br>ayandam@legalaidnc.org<br>NC Bar 37714 |

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on April 28, 2021, I served by email a copy of the attached document –**PLAINTIFFS' RESPONSE TO DEFENDANTS REMCO EAST, INC. AND MARY GRACE BISHOP'S LR RULE 56.1 STATEMENT OF MATERIAL FACTS [Doc. 99]**– upon the following attorneys:

| | |
|---|---|
| Kelly Anne Clarke | Jay C. Salsman |
| Legal Aid of North Carolina | A. Ruthie Sheets |
| 2101 Angier Avenue, Suite 300 | Harris Creech Ward & Blackerby |
| Durham, NC 27703 | 325 Pollock Street |
| Fax: (919) 861-1887 | P.O. Drawer 1168 |
| kellyc@legalaidnc.org | New Bern, NC 28560 |
| | ars@harriscreech.com |
| | jcs@harriscreech.com |
| | [For Vanderburg] |
| Ayanda Dowtin Meachem | Spencer Beard |
| Legal Aid of North Carolina | Luke Dalton |
| P.O. Box 564 | McAngus Goudelock & Courie |
| Ahoskie, NC 27910 | Post Office Box 12327 |
| Fax: (252) 332-3317 | Wilmington, NC 28405 |
| ayandam@legalaidnc.org | spencer.beard@mgclaw.com |
| | luke.dalton@mgclaw.com |
| | [For Remco East and Bishop] |
| Luis Juan Pinto | Joseph Dupree |
| Legal Aid of North Carolina | 123 West Third Street |
| P.O. Box 7283 | P.O. Box 1219 |
| Greenville, NC 27835 | Fax: (252) 329-0444 |
| Fax: (252) 758-1843 | jaybdupree@gmail.com |
| luisp@legalaidnc.org | [For Gurkins] |

*/s/ Christopher Brancart*