IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:19-CV-111-D

| | | |
|---|---|---|
| WILLIAM HARRIS and PHYLLIS HARRIS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | **ORDER** |
| MARY JANE VANDERBURG; DOUGLAS MATTHEW GURKINS; REMCO EAST, INC.; and MARY GRACE BISHOP, | ) ) ) ) ) | |
| Defendants. | ) | |

In compliance with the court's order (D.E. 131), the parties have filed a joint notice (D.E. 132) setting out proposed dates for the next session of the court-hosted settlement conference in this case. They have also filed a joint motion (D.E. 133) seeking relief from the requirement for physical attendance at this session. For good cause shown, the joint motion is ALLOWED IN PART and DENIED IN PART on the terms provided herein. This session of the court-hosted settlement conference shall be subject to the following arrangements:

1. The session will be held on Monday, 21 March 2022,[1] beginning at 10:00 a.m.

2. For the reasons stated in the joint motion, defendant Douglas Matthew Gurkins ("Gurkins") is excused from personal attendance at the session. All other parties, Gurkins' attorney, and all other required attendees, including specifically defendants Mary Grace Bishop ("Bishop") and Remco East, Inc. ("Remco"), shall attend the entire session through the court-

---

[1] While the joint motion states "Monday, March 22, 2022" as an available date (Jt. Mot. ¶ 6), the court finds this to be a reference to Monday, March 21, 2022 since the day of the week specified is Monday, rather than Tuesday, and the joint notice, which is the document whose purpose is to advise the court of available dates, gives "Monday, March 21, 2022," not Tuesday, March 22, 2022, as an available date (Jt. Notice ¶ 2).

based videoconference system, Cisco Meeting System ("CMS"). **Failure to attend the session without permission from the court can result in the imposition of sanctions.**

3. Although the joint motion seeks to limit the participation of Bishop to availability by telephone (*see* Jt. Mot. ¶ 13), the joint motion fails to demonstrate adequately why she cannot participate in the entire session by videoconference, particularly at this late stage of the case. Similarly, while the joint motion seeks to excuse Remco from attendance (*see id.* at 1), it fails to adequately justify Remco's being excused, again, particularly at this late stage of the litigation. In fact, the proposed order (D.E. 133-1) allowing the joint motion does not provide for excusing Remco.

4. Counsel shall be emailed instructions on use of CMS by Information Technology Administrator Glenna Falk in the Clerk's Office (919-272-1379). Following receipt of the instructions, counsel shall arrange with Ms. Falk to conduct a trial run using CMS that includes the party attendees they represent and any non-party attendees with whom they are associated. Each trial run shall be completed no later than Friday, 18 March 2022.

5. The Clerk shall provide Ms. Falk a copy of this order.

6. Any statement on settlement position a party may wish to provide shall be submitted directly to the chambers of the undersigned Magistrate Judge and need not be served on the other party. Any such statement shall be received by the court, whether by regular mail, email (documents_USMJ_Gates@nced.uscourts.gov), or other means, no later than Friday, 18 March 2022.

7. This session of the settlement conference shall be governed by the provisions of Local Civil Rule 101.2, E.D.N.C., except as otherwise provided herein.

2

SO ORDERED, this 25th day of February 2022.

James E. Gates
United States Magistrate Judge

3