IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-111-D

| | |
|---|---|
| WILLIAM HARRIS and PHYLLIS HARRIS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| DOUGLAS MATTHEW GURKINS, REMCO EAST, INC., and MARY GRACE BISHOP, | ) ) ) ) |
| Defendants. | ) ) |

ORDER

This matter is before the court on Plaintiffs' motion to compel financial condition discovery from Defendants Remco East, Inc. ("Remco") and Mary Grace Bishop ("Bishop"). [DE #171]. These matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) for disposition by United States District Judge James C. Dever III. [DE #175]. For the reasons stated below, Plaintiffs' motion is granted.

BACKGROUND

Plaintiffs filed their initial complaint on August 9, 2019, and an amended complaint on October 24, 2019. (Compl. [DE #1]; Am. Compl. [DE #33].) Plaintiffs have sued Defendants under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*,

and state law. (*See generally* Am. Compl.) Plaintiffs seek punitive damages regarding their FHA claims against each Defendant. (*Id.* ¶ 73.)

On March 15, 2021, Defendants Remco and Bishop moved for summary judgment as to all claims against them. (Remco & Bishop Mot. Summ. J. [DE #98].) Defendants Remco and Bishop did not argue that Plaintiffs had failed to state a prima facie claim for punitive damages[1] or that punitive damages should otherwise be unavailable should any of Plaintiff's FHA claims survive summary judgment. (Remco & Bishop Mem. Supp. Mot. Summ. J. [DE #100].) On February 10, 2022, the court granted in part and denied in part Remco and Bishop's motion for summary judgment, allowing the FHA retaliation[2] claim and state-law claims for trespass, assault, invasion of privacy, and unfair and deceptive trade practices to proceed. (Summ. J. Order [DE #130] at 25.) Factual summary is provided in the summary judgment order. (*Id.* at 2–3, 20–21.)

On August 19, 2022, the court ordered the parties to submit joint-proposed trial dates for early 2023 and any update on settlement negotiations. [DE #170]. On September 1, 2022, Plaintiffs filed the instant motion to compel (Mot. Compel Remco & Bishop Fin. Disc. [DE #171]) and supporting memorandum (Mem. Supp. Mot. Compel Remco & Bishop Fin. Disc. [DE #172]); Defendants Remco and Bishop responded in opposition on September 15, 2022 (Defs. Remco & Bishop Resp. Opp'n [DE #176]).

---

[1] 42 U.S.C. § 3613(c)(1) authorizes punitive damages for FHA violations.

[2] 42 U.S.C. § 3617 is the retaliation provision of the FHA.

## DISCUSSION

Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relevance "has been broadly construed to encompass 'any possibility' that the information sought may be relevant to the claim or defense of any party," and the burden rests on the party resisting discovery to demonstrate that discovery should not be had. *EEOC v. Sheffield Fin., LLC*, No. 1:06-CV-00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007).

Rule 26 requires the court to limit the frequency or extent of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or the discovery sought is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). The rule also authorizes the court to impose appropriate limitations on discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such protective orders may include, *inter alia*, provisions "forbidding the disclosure or discovery," "prescribing a discovery method other than the one selected by the

3

party seeking discovery," or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (c)(1)(C), (c)(1)(D).

Punitive damages are available under the FHA. 42 U.S.C. § 3613(c)(1). "Punitive damages may be awarded . . . where the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others." *Matarese v. Archstone Pentagon City*, 795 F. Supp. 2d 402, 449 (E.D. Va. 2011) (first citing *Quigley v. Winter*, 598 F.3d 938, 953 (8th Cir. 2010); then citing *Alexander v. Riga*, 208 F.3d 419, 430–31 (3d Cir. 2000); and then citing *Bradley v. Carydale Enters.*, 730 F. Supp. 709, 726 (E.D. Va. 1989)), *aff'd in part, vacated in part on other grounds sub nom. Matarese v. Archstone Cmtys., LLC*, 468 F. App'x 283 (4th Cir. 2012) (per curiam) (unpublished). Information regarding a defendant's financial position is relevant to a claim for punitive damages under the FHA. *Matarese*, 795 F. Supp. 2d at 449–51; Robert G. Schwemm, *Housing Discrimination Law and Litigation* § 25:12 & n.2 (July 2020 updated) (collecting cases); *see also Stamathis v. Flying J., Inc.*, 389 F.3d 429, 442 (4th Cir. 2004) (citing *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 22 (1991), for the proposition that "a defendant's financial position is a proper consideration in assessing punitive damages").

Plaintiffs have requested punitive damages in their operative complaint and have made sufficient factual allegations regarding their FHA retaliation claim to withstand Remco and Bishop's summary judgment motion. As the court noted, there

4

are genuine issues of material fact related to this FHA claim that create a jury question. (Summ. J. Order at 20–21.)

Defendants Remco and Bishop oppose Plaintiffs' motion because Plaintiffs have not "have not made a showing that they will be entitled to punitive damages from Remco and Bishop." (Defs. Remco & Bishop Resp. Opp'n at 3.) In support, Remco and Bishop cite *Jackson-Heard v. Elizabeth City State Univ.*, No. 2:12-CV-8-BO, 2013 WL 594896, at 2 (E.D.N.C. Feb. 15, 2013), for the proposition that a plaintiff must make a "prima facie showing of entitlement to punitive damages" before discovery of a defendant's financial information may be had, and *Moore v. Dan Holdings, Inc.*, No. 1:12-CV-503, 2013 WL 1833557, at *15 (M.D.N.C. Apr. 30, 2013), for the proposition that "not every lawsuit under [S]ection 1981 calls for submission of this extraordinary remedy to a jury." (Defs. Remco & Bishop Resp. Opp'n at 3.) Defendants do not articulate what a prima facie showing for punitive damages under the FHA is or how Plaintiffs have failed to make such a showing. (*Id.* at 3–5.) Defendants advance factual arguments which would appear relevant to the merits of Plaintiffs' remaining FHA claim generally, only implying, in turn, that punitive damages should be unavailable to Plaintiffs.[3] (*Id.*)

As the court explained before, it is not clear what constitutes a prima facie showing for punitive damages under the FHA. (1/11/21 Order [DE #90] at 11–13.) However, surviving a summary judgment motion is a strong indicator that such a

---

[3] This could be construed as an attempt by Remco and Bishop to obtain a post-summary judgment but pretrial advisory opinion as to the punitive damages issue.

showing has been made. *See Cf. SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2010 WL 2232261, at *2 (E.D.N.C. June 2, 2010) (prima facie showing as to punitive damages is required to obtain tax records and "can be satisfied by presenting evidence in support of the punitive damages claim or by surviving a motion to dismiss or a motion for summary judgment"); *Taylor v. McGill Envtl. Sys. of N.C., Int'l*, No. 7:13-CV-270-D, 2015 WL 1125108, at *8 (E.D.N.C. Mar. 12, 2015) (holding that financial position discovery would be more appropriately addressed after "the parties' fully developed motions for summary judgment on the issue of punitive damages" (first citing *Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102, 105 (E.D.N.C. 1993), and then citing *Nix v. Holbrook*, No. 5:13-CV-2173, 2015 WL 791213, at *3 (D.S.C. Feb. 25, 2015))); *Blount*, 162 F.R.D. at 105 (cited favorably in *Jackson-Heard*, 2013 WL 594896, at *2); *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, No. 1:02-CV-146, 2004 WL 444570 (M.D.N.C. Feb. 24, 2004) (granting renewed motion to compel financial discovery information after claim survived summary judgment motion) (cited by *Moore*, 2013 WL 1833557, at *14 n.8). This indication is even stronger when, as here, Defendants did not brief the punitive damages issue in their summary judgment motion.

Plaintiffs seek punitive damages from Defendants Remco and Bishop under the FHA. Plaintiffs' FHA claim under 42 U.S.C. § 3617 survived Remco and Bishop's motion for summary judgment, which did not challenge Plaintiffs' punitive damages request. Remco and Bishop's respective financial positions are thus relevant to Plaintiffs' claim and appear proportional to the needs of the case. *See Matarese*, 795

6

F. Supp. 2d at 449–51. Remco and Bishop have not articulated any other reason for the court to deny the motion to compel, nor have they articulated any reason to narrow the scope of discovery sought by Plaintiffs. *See Sheffield Fin.*, 2007 WL 1726560, at *3. Therefore, Plaintiffs' motion to compel is granted. *See* Fed. R. Civ. P. 26(b)(1).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel [DE #171] is GRANTED.

This 19th day of September 2022.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge