IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO.: 4: 19-CV-00111

| | |
|---|---|
| **WILLIAM HARRIS** and **PHYLLIS HARRIS**, <br> *Plaintiffs,* <br> v. <br> **MICHAEL V. GURKINS, IN HIS CAPACITY AS EXECUTOR OF THE ESTATE OF MARY JANE VANDERBURG, DOUGLAS MATTHEW GURKINS, REMCO EAST, INC.,** and **MARY GRACE BISHOP**, <br> *Defendants.* | **[PROPOSED] CONSENT DECREE AND FINAL ORDER AS TO DEFENDANTS REMCO AND BISHOP ONLY** |

## I. INTRODUCTION

1. On August 9, 2019, Plaintiffs William and Phyllis Harris, an elderly Black American couple, filed a complaint to recover injunctive and monetary relief under the federal Fair Housing Act, 42 U.S.C. § 3604 et seq. (FHA) and associated state law claims for race harassment and discrimination.[1] The complaint alleged that the defendants engaged in illegal discriminatory housing practices on the basis of race and/or color.

---

[1] This complaint was amended on October 24, 2019. (D.E. 33.).

1

2. In 2017, William and Phyllis Harris leased and occupied the dwelling located at 559B Huntingridge Road, Greenville, North Carolina ("Huntingridge Duplex"). The dwelling was part of a duplex owned by Mary Jane Vanderburg ("Vanderburg"), who had hired defendant Remco East, Inc., a licensed real estate company, to manage the dwelling on her behalf. Defendant Mary Grace Bishop ("Bishop") was the licensed broker in charge of Remco. Defendant Douglas Matthew Gurkins, Vanderburg's nephew, occupied Unit 559A at the Huntingridge Duplex.

3. William and Phyllis Harris allege that during their tenancy at the Huntingridge Duplex defendant Douglas Matthew Gurkins engaged in racial discrimination and harassment against them, including threats, assaults, and trespass; that William and Phyllis Harris reported Douglas Matthew Gurkins's unlawful misconduct to the Pitt County Sheriff's Department, Remco and Bishop; that Remco and Bishop reported Douglas Matthew Gurkins's unlawful misconduct to Vanderburg; that Remco, Bishop and Vanderburg failed or refused to take any corrective action to stop Douglas Matthew Gurkins's discrimination and harassment of William and Phyllis Harris; and that instead, Remco, Bishop and Vanderburg retaliated against William and Phyllis Harris by attempting to evict them from their dwelling and terminating their tenancy.

4. Based on these allegations, William and Phyllis Harris claim that defendants, and each of them, violated the federal Fair Housing Act and related supplemental state laws. Each defendant answered the complaint denying any liability to William and Phyllis Harris.

5. Both Remco and Bishop are no longer in the business of owning or operating rental dwellings.

6. To avoid protracted, costly litigation, plaintiffs William and Phyllis Harris and defendants Remco and Bishop, consent to entry of Decree. Remco's and Bishop's respective consent to entry of this Decree shall not be construed as an admission of liability and liability is expressly denied.

**ACCORDINGLY, it is hereby ADJUDGED, ORDERED AND DECREED:**

## II. SCOPE OF THE CONSENT DECREE

7. The provisions of this Consent Decree shall apply to Remco and Bishop and their respective agents, employees, successors or assigns.

8. This Consent Decree is effective immediately upon its entry by the Court. For purposes of this Consent Decree, the phrases "date of the Consent Decree" and "effective date" shall refer to the date on which the Court enters the Consent Decree.

## III. GENERAL INJUNCTION

9. Defendants Remco and Bishop, their respective agents, employees, successors and assigns, are enjoined from:

   a. Discriminating against any person in the terms, conditions or privileges of renting a dwelling unit, or in the provision of services or facilities in connection therewith, because of race, color or national origin; and

   b. Coercing, intimidating, retaliating, threatening or interfering with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of having aided and encouraged any other person in the exercise or enjoyment of, any right granted by the FHA.

10. If Bishop or Remco own or operate rental dwellings during the effective dates of this Consent Decree as stated in Section IX below, then they (whichever of them owns or operates rentals), directly or through their respective agents or employees, shall:

    a. Within 30 days of owning or operating rental dwellings, provide each agent or employee with a copy of this Consent Decree (including ATTACHMENT A AND ATTACHMENT A EXHIBIT 1) and obtain

their certification that the agent or employee has read and understood its requirements, see ATTACHMENT B to this Consent Decree;

b. Within 30 days of owning or operating rental dwellings, provide each household of the rental dwellings with copies of the following:

- the HUD pamphlet, "Are You a Victim of Housing Discrimination?" (HUD Form 903.1);

- North Carolina Attorney General's Office – https://ncdoj.gov/wp-admin/admin-ajax.php?juwpfisadmin=false&action=wpfd&task=file.download&wpfd_category_id=16&wpfd_file_id=12454;

- North Carolina Real Estate Commission - https://www.ncrec.gov/Brochures/FairHousingBrochure.pdf;

- North Carolina Human Relations Commission (NCHRC) - https://files.nc.gov/ncoah/documents/files/fair-housing-for-everyone-english.pdf; and

- Legal Aid of North Carolina - https://www.fairhousingnc.org/wp-content/uploads/2019/04/General-Fair-Housing-10-8-2018.pdf

c. Require that any advertisement for the rental dwellings include the words, "Fair Housing Provider, or Equal Opportunity Housing," or words that that effect.

d. Require that each rental application, agreement or lease including the statement, "We do not discriminate on the basis of race, color, religion, national origin, sex, sexual orientation, gender identity, handicap (disability) or familial status nor do we tolerate harassment of any of our tenants based on any of these protected characteristics. Harassment of a tenant because of her race, color, religion, national origin, sex, sexual orientation, gender identity, handicap (disability) or familial status by another tenant, resident, occupant, is a violation of the lease agreement and rules and is grounds for eviction;"

e. Within 30 days of owning or operating rental dwellings, provide each rental with a copy of ATTACHMENT A (including Exhibit 1); and

f. Maintain and implement non-discrimination policies and procedures that meet the requirements set forth in this Section and ATTACHMENT A (including Exhibit 1) of the Consent Decree.

## IV. AUTHORIZING THE REMOVAL OF ANY DEROGATORY CREDIT REPORTING REGARDING PLAINTIFFS

11. Neither Remco or Bishop has any objection to the issuance of a letter by Michael V. Gurkins or the Vanderburg Estate requesting that any derogatory credit reporting about William and Phyllis Harris in connection with their rental of the dwelling located at 559B Huntingridge Road be removed from their credit report

and further has no objection if any credit reporting agency removes any derogatory credit reporting about William and Phyllis Harris in connection with their rental of the dwelling located at 559B Huntingridge Road.

## V. OTHER EDUCATION AND TRAINING

12. If Remco or Bishop, individually or through agents, owns or operates rental dwellings, it/she will provide written notice of same to attorneys for the Plaintiffs within 60 days from owning or operating these dwellings. Within 120 days from owing or operating rental dwellings, Remco and/or Bishop (whichever entity or person owning or operating the rentals), including its/her agents, contractors, or employees involved in the ownership or operation of the rental dwellings, shall attend a training on fair housing laws and pay for the reasonable costs of that training and require any new employees, agents or contractors to complete a similar training within 180 days of their hire, agency or employment.

## VI. COMPLIANCE

13. In the event that Remco or Bishop, individually or through their respective agents, owns, manages, or controls any rental dwelling after the entry of the Consent Decree, it and/or she will provide Legal Aid of North Carolina[2] with a letter certifying it and/or she's continued compliance with the requirements of the

---

[2] Such information can be provided to Kelly Clarke at Legal Aid of North Carolina – Fair Housing Project, 2101 Angier Avenue, Suite 300, Durham, NC 27703 and kellyc@legalaidnc.org.

Consent Decree. If these conditions are present, the letter would be due within 180 days from the resumption of ownership or operation of rental dwellings and then continuing each year from that date while the Consent Decree is in effect.

## VII. COMPENSATION FOR DAMAGES, ATTORNEYS' FEES AND COSTS

14. Within fourteen (14) days of the entry of this Consent Decree, defendants Remco and Bishop will pay the sum of two hundred thousand dollars ($200,000.00) in full settlement of any claims for damages, costs, or attorneys' fees by plaintiffs William and Phyllis Harris arising from their claims against defendants Remco and Bishop. The funds shall be paid in the form of a check made payable to the Attorney-Client Trust Account of Brancart & Brancart and delivered to Christopher Brancart, Brancart & Brancart, 8205 Pescadero Creek Road, Loma Mar, CA 94021 via express mail or FedEx, billing Brancart for the cost of that FedEx shipment. In connection with the payment pursuant to this paragraph, William and Phyllis Harris will execute and deliver via email a mutual release to counsel for Remco and Bishop before any settlement funds are disbursed from the Attorney-Client Trust Account of Brancart & Brancart. Remco and Bishop will also execute and deliver a mutual release to plaintiffs' counsel.

## VIII.  COSTS AND ATTORNEYS' FEES

15. Except as otherwise stated in Section VII above, upon entry of this Decree, the parties subject to this Consent Decree – plaintiffs and defendants Remco and Bishop -  agree to bear their own costs, expenses, and attorneys' fees.

## IX.  DURATION, MODIFICATIONS, AND REMEDIES

16. Unless otherwise provided herein, the terms of this Consent Decree shall remain in effect for five (5) years after the date of its entry.  Plaintiffs may move the Court to extend the period in which this Order is in effect if either Remco or Bishop violates one or more terms of the Consent Decree or if the interests of justice so require.

17. Any time limits for performance imposed by this Consent Decree may be extended by mutual written agreement of the parties.

18. The Court shall retain jurisdiction for purposes of enforcement only.

19. The parties will confer in good faith before moving the Court for an order compelling compliance with the terms of this Consent Decree.

## X.  DISMISSAL

20. Upon receipt of the settlement funds as described in Section VII above, counsel for William and Phyllis Harris shall file a dismissal of their claims against Remco and Bishop, only and upon the following terms. First, this dismissal shall be taken without prejudice while the Consent Decree remains in effect; upon expiration

9

Case 4:19-cv-00111-D   Document 182-1   Filed 01/24/23   Page 9 of 16

of the Consent Decree, counsel for William and Phyllis Harris will file a dismissal with prejudice of the Harrises' claims against Remco and Bishop. And second, the dismissal that is filed without prejudice as to the claims against Remco and Bishop will specify the Court retains jurisdiction to enforce the Consent Decree as stated in Section IX above. In sum, the aforementioned dismissal without prejudice is made subject to the Consent Decree and reserves the Court's jurisdiction to enforce the Consent Decree.

**IT IS SO ORDERED this _____ day of \_\_\_\_\_, 2023.**

_____
Hon. James C. Dever III, United States District Judge

# ATTACHMENT A
# ANTI-DISCRIMINATION/ANTI-HARASSMENT/ANTI-RETALIATION POLICY

**(1)   Discrimination is Strictly Prohibited**

It is the policy of the owners and/or managers of the residential properties not to discriminate against anyone because of race, color, national origin, religion, sex, sexual orientation, gender identity, disability, or familial status.

This policy means, among other things, that agents or employees or the owners and managers who show, rent, repair, or operate any housing unit(s) must do the following:

(i)   Treat all applicants to be tenants equally regardless of race, color, national origin, religion, sex, sexual orientation, gender identity, disability, or familial status.

(ii)   Treat all tenants equally regardless of race, color, national origin, religion, sex, sexual orientation, gender identity, disability, or familial status.

Therefore, a person's applications cannot be rejected, rejected, repairs for a tenant cannot be unreasonably delayed or refused, and a tenant's lease cannot be terminated because of race, color, national origin, religion, sex, sexual orientation, gender identity, disability, or familial status.

## **(2) Harassment Is Strictly Prohibited**

It is also the policy of the owner and managers of the residential properties not to harass anyone because of race, color, national origin, religion, sex, sexual orientation, gender identity, disability, or familial status. This policy also means, among other things, that all agents or employees who show, rent, repair, or operate housing unit(s) must not take any actions that could create an objectively and subjectively hostile environment based on race, color, national origin, religion, sex, sexual orientation, gender identity, disability, or familial status.

In addition, this policy also means that if any other tenant, guest, or other third party harasses another tenant, household member or guest because of race, color, national origin, religion, sex, sexual orientation, gender identity, disability, or familial status, the owner and members of the residential properties will take prompt corrective action to stop or remedy the unlawful harassment once that harassment is known or should have been known in accordance with the Fair Housing Act and *HUD's Quid Pro Quo and Hostile Housing Environment Harassment and Liability for Discriminatory Housing Practices Under the Fair Housing Act*, 81 FR 63054-63075 (Aug. 18, 2016), a copy of the latter found under ATTACHMENT A, EXHIBIT 1 which is incorporated in its entirety into this policy.

This policy also prohibits, for example, negative and insulting behavior related to race, color, national origin, religion, sex, sexual orientation, gender identity, disability, or familial status.

**(3) Retaliation Is Strictly Prohibited**

It is further the policy of the owners and managers of the residential properties not to retaliate against anyone for opposing discrimination or harassment or for otherwise trying to exercise their rights under fair housing laws. This policy means, among other things, that all agents or employees of the owners and managers who show rent, repairs, or operate any housing unit(s) must not take any negative actions against a person for exercising or trying to exercise her/his/their rights.

This policy means, for example, that a person's application cannot be rejected, repairs for a tenant cannot be unreasonably delayed or refused, and a tenant's lease cannot be terminated because a person complained about potential discrimination or harassment.

**(4) Protection Of Your Rights**

Any employee or agent of the owners and managers who does not follow any part of the policy summarized above will be subject to disciplinary action, termination of employment, and/or federal court sanctions.

If you believe this policy has been violated, you may contact:

*Atlanta Regional Office of Fair Housing and Equal Opportunity (FHEO)*

13

Case 4:19-cv-00111-D   Document 182-1   Filed 01/24/23   Page 13 of 16

*U.S. Department of Housing and Urban Development (HUD) Five Points Plaza*
*40 Marietta Street, 16th Floor*
*Atlanta, Georgia 30303-2806*
*(404) 331-5140 (ph)*
*1-800-440-8091 (ph); (404) 730-2654*
*(TTY) https://www.hud.gov/complaints*


*North Carolina Office of Administrative Hearings*
*Civil Rights Division – Housing Discrimination Section*
*North Carolina Human Relations Commission (NCHRC)*
*1711 New Hope Church Road*
*Raleigh, North Carolina 27609 (919) 431-3030 (ph)*
*https://files.nc.gov/ncoah/documents/files/HOUSING_DISCRIMINATION_COMPLAINT_FORM.pdf*


*Legal Aid of North Carolina – Fair Housing Project*
*1-855-797-FAIR (3247)*
*http://www.fairhousingnc.org*

## ATTACHMENT A, EXHIBIT 1

*HUD's Quid Pro Quo and Hostile Housing Environment Harassment and Liability for Discriminatory Housing Practices Under the Fair Housing Act*, 81 FR 63054-63075 (Sept. 14, 2016).

# ATTACHMENT B
# EMPLOYEE ACKNOWLEDGMENT

I acknowledge that on _____, 20___, I was provided copies of the Consent Decree and Nondiscrimination Policy required by the Consent Decree entered by the Court in *William and Phyllis Harris v. Michael V. Gurkins's in his capacity as Executor of the Estate of Mary Jane Vanderburg et al.*, 4:19-cv-00111-D (E.D.N.C.). I have read and understand this document and have had my questions about this document answered. I understand my legal responsibilities and shall comply with those responsibilities.

_____
Signature

_____
Print Name

_____
Job Title

_____
Company/Employer

_____
Home Address

_____
Home Address Continued

_____
Home Telephone Number

_____
Date